*Law Offices*

DAVID SEGAL

MEMBER LOUISIANA BAR

*7 Dey Street, Suite 1401*
*New York, New York 10007*

(212) 406-9200

December 15, 2014

ECF
Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

Re:     U.S. v. Jason Smith
        13-CR-00340(S-2)-002(ERK)

Dear Judge Korman:

I represent the defendant Jason Smith who is to be sentenced on December 19, 2014. I submit this letter memorandum in support of the defendant's position that an appropriate sentence would be one below the Guidelines Range, as Mr.Smith meets the criteria set forth in Title 18 U.S.C. 3553 (a)(2)(e) and (f).

## DEFENDANT'S POSITION REGARDING SENTENCE

The defendant does not object to the facts as to Mr. Smith's personal history as set forth in the PSR. The defendant does object to the Guidelines Range set forth in the PSR as being greater than necessary to achieve the goals of sentencing set forth under 18 U.S.C. Sect. 3553(a)(2).

The crime to which Mr.Smith plead guilty is serious and whatever I say herein should not be taken as condoning or minimizing it in any way. I submit that a sentence below the Guidelines Range is appropriate in view of Mr. Smith's past and present. At the time Mr. Smith committed this crime, I submit it was an aberration from an otherwise crime free and exemplary life. As your Honor will see from the attached letters, Mr. Smith's family and friends stand by him and support him. These are the people who will make sure that he never again strays away from the lifestyle he had been living.

Mr.Smith is not a hopeless defendant with little or no chance of rehabilitation. He continues to be gainfully employed and be a force for good in his community. His work history is exemplary from the year 2000 to date.

It should be noted that Mr. Smith continues his relationship with his co-defendant's sister.

Mr. Smith is 33 years of age. He is a high school graduate. He has attended college. He has a 10 year old son who lives with his mother(Charmaine Brown) and whom he supports and cares for. Ms. Brown is the surety for Mr. Smith.

Mr. Smith upon being arrested fully admitted to his criminal activities. He understands what hardships he has caused himself and his family by committing these crimes. He has fully accepted responsibility and is truly sorry for his actions.

Mr. Smith has nothing of material value to his name. He is not a hardened or violent criminal or troublemaker. He does not own jewelry, an expensive car, real estate, expensive clothes, have hidden assets or bank accounts. He is not and has never been a threat to society. He has been and continues to be an asset to his community.

I have known Jason for over 10 years, I knew his father when he was with the NYPD and we were on opposing sides. I know other family members. I understand the support he has received from family and friends.

Attached as Exhibit "1" is a letter from Jason Smith and Exhibit "2" are four (4) letters from family and friends which along with the PSR complete the picture of Jason Smith. The letters are from their heart and soul.. Their words portray him as a person who people love, respect, and believe in.

I have taken some quotes from the letters:
1.Darryl Smith(brother)-Jason has made a mistake that will hurt him and I know he recognizing that day to day…his thoughts on how he will be a better man because of it.
2.Andrew Edwards(employer)-We all stand by throughout this process…still comes to work and maintain outstanding work performance day in and out.
3.Omar Houston(friend)-I seen him help people in so many ways that makes not only happy but proud to call him a close friend.

.

2

## II.     The Guidelines Produce a Range of Imprisonment that is Greater than Necessary to Achieve the Goals of Sentencing under 18 USC§ 3553(a)(2).

After determining the sentence under the Guidelines, the Court has a statutory duty to consider factors independent of the Guidelines in arriving at a final sentence that is in compliance with the sentencing mandate of §3553(a). Given the factors set forth under § 3553(a), I submit that the Guidelines produce an unreasonable range of imprisonment.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. The appropriate remedial measure required the severance and excision of two provisions of the federal sentencing statute, including 18 U.S.C. §3553(b)(1), the provision that made the Guidelines mandatory. See Booker, 125 S. Ct. at 757 (2005) (Breyer, J.). As a consequence, § 3553(a) "requires a sentencing court to consider Guidelines ranges, . . . , but it permits the court to tailor the sentence in light of other statutory concerns as well." 125 S. Ct. 738, 757

This Circuit has held that in determining a sentence in compliance with that mandate, a district court must consider a variety of factors in imposing a sentence. United States v. Crosby, 379 F.3d 103 (2nd Cir. 2005). Although a sentencing court is still required to consider the Guidelines in making its sentencing determination, it is now required to consider factors not found in the Guidelines. See Crosby, 397 F.3d at 115 (noting that making the Guidelines *per se* reasonable "would effectively re-institute mandatory adherence to the Guidelines").

When sentencing a defendant, a District Court is bound to follow the dictates of 18 U.S.C. § 3553(a). "Prior to Booker/Fanfan, the section 3553(a) requirement that the sentencing judge "consider" all of the factors enumerated in that section had uncertain import because subsection 3553(b)(1) required judges to select a sentence within the applicable Guidelines range unless the statutory standard for a departure was met. Now, with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to "consider" numerous factors acquires renewed significance." Crosby 397 F.3d at 111.

Ultimately, § 3553(a) requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. See; United States v. Williams, 475 F.3d 468, 476-77 (2nd Cir. 2007). While district courts must in all cases "consider" the guideline range, Booker, 543 U.S. at 245-46, the guidelines do not subordinate the other factors in §3553(a) in making this determination. Id.

According to the Supreme Court, the sentencing judge, after determining the guideline range, may decide that the guideline sentence:

> should not apply, perhaps because (as the
> Guidelines themselves foresee) the case at hand
> falls outside the "heartland" to which the
> Commission intends individual Guidelines to
> apply, U.S.S.G. § 5K2.O, perhaps because the
> Guidelines sentence itself fails properly to reflect
> § 3553(a) considerations, or perhaps because the
> case warrants a different sentence regardless. See
> Rule 32(f).

Rita v. United States, 127 S.Ct. 2456, 2465 (2007).

Importantly, a sentence within the range specified by the Guidelines is not presumptively reasonable, but only demonstrates that the court considered one of the § 3553(a) factors – the Guidelines itself. Rita v. United States, 127 S.Ct. 2456, 2463 (2007). The "sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Id at 2465. And, district courts need not impose sentences greater than they believe necessary out of fear of reversal. Id at 2467.

The Court in Rita also stressed the importance of the sentencing judge providing reasons for the sentencing decision when a defendant presents reasons for a sentence below the range produced by the Guidelines. Id. at 2468. Although the judge may, absent non-frivolous arguments to the contrary, often say little when he imposes a guideline sentence, he must respond when "a party contests the Guidelines sentence generally under §3553(a) – that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way – or argues for departure[.]" Id. The Court thus placed nothing off-limits for District Courts, not even arguments that the guideline reflects "an unsound judgment" generally, but instead placed on District Courts the burden to explain why they impose the sentences they do. Id.

### A. Supreme Court Clarifies Booker and Rita

The Supreme Court has since decided three cases emphasizing that in the post-Booker world District Judges have significant discretion to impose sentences below (or above) those called for under the Federal Sentencing Guidelines. See, Spears v. United States, 2009 U.S. LEXIS 864 (Jan. 21, 2009) Kimbrough v. United States, 128 S.Ct. 558, 570 (2007); Gall v. United States, 128 S.Ct. 586, 597 n.6 (2007). These new decisions, reinforce and further clarify the rulings in Booker, and Rita and demonstrate that a sentencing court has vast discretion in determining the appropriate punishment.

After Booker, when sentencing a defendant, a District Court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a). Those factors include:

4

(1)  the nature and circumstances of the offense and the
history and characteristics of the Defendant;

(2)  the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to
promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the
Defendant; and

(D) to provide the Defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

(5)  any pertinent policy statements issued by the
Sentencing Commission;

(6)  the need to avoid unwarranted sentence
disparities; and

(7)  the need to provide restitution to any victims of
the offense.

See, 18 U.S.C. § 3553(a) (2007).

## III.   Mitigating Factors For This Court To Consider At Sentencing.

### 18 USC 3553(a)

The question to be answered is: Will a term of imprisonment serve the ends of justice,
and meet the goals set forth in 18 USC 3553(a)? I submit that a prison sentence is not the answer.

As set forth above, after Booker, this Court is statutorily required to impose a sentence
that is minimally sufficient to accomplish the purposes of sentencing. The sentence
recommended in the PSR fails to account for Jason's life now and prior to the crimes charged. I

submit that the lowest possible sentence available would be appropriate and meet the goals set forth in 3553(a) and take into consideration other facts known to the Court.

I firmly believe that Jason should be given every benefit under 18 USC 3553(a). He is not a threat to society. There is no question that he committed a serious crime and should be punished. He realizes that by becoming involved in this scheme he has hurt himself for the future.

Except for the two (2) incidents involving substance abuse his pretrial supervision has been good.

A Court in imposing sentence must consider all of the 18 U.S.C. §3553 (a) factors, not just the Guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing, to wit: justice, deterrence, incapacitation and rehabilitation Further, the Court may impose a sentence "sufficient, but not greater than necessary" to achieve the goals set forth in 18 U.S.C. §3553 (a).

A sentence of imprisonment would have catastrophic effects on his family and employment.

## Bureau Of Prisons Recommendations

If a sentence of incarceration is imposed I further request that the Court make a recommendation to the Bureau Of Prisons that Mr. Smith be designated to a facility close to New York City.

If a sentence of probation is imposed I request that he be directed to seek counseling for his emotional issues as well as substance abuse.

Respectfully,,

David Segal

CC:   Catherine M. Mirabile
      Assistant U.S. Attorney
      Eastern District of New York
      Catherine.m.mirabile@usdoj.gov

      Erin Stewart
      United States Probation Officer

6